### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PRISCILLA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 16 C 6560 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| MENARD, INC., d/b/a MENARDS, | ) | |
| a Wisconsin Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Priscilla Thompson ("Thompson") has sued Defendant Menard, Inc., d/b/a Menards ("Menard"), alleging claims for negligence based on injuries she suffered as a result of falling on the sidewalk outside a Menards store in Rockford, Illinois. Menard has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Menard's motion for summary judgment is denied.

### Local Rule 56.1

In the Northern District of Illinois, motions for summary judgment are governed by Local Rule 56.1. "The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, '[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'" *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994)). The Seventh Circuit has "routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011) (internal quotation marks omitted).

Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule ("LR") 56.1(a)(3). The nonmovant must then file "a response to each numbered paragraph in the moving party's statement." LR 56.1(b)(3)(B). Additionally, the nonmovant must present a separate "statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment," to which the movant must also respond. *See* LR 56.1(b)(3)(C). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by [Local Rule 56.1], those facts are deemed admitted for purposes of the [summary judgment] motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *accord* LR 56.1(b)(3)(C).

Here, Menard filed a statement of facts pursuant to Local Rule 56.1(a)(3), and Thompson filed a statement of additional facts pursuant to Local Rule 56.1(b)(3)(C). Each party, however, failed to file a response to the other party's statement of facts in the manner set forth under the local rule. This defeats the purpose of the rule, which is "designed to facilitate the resolution of Rule 56 motions by calling for evidentiary statements and responses to such statements . . . highlighting the existence or nonexistence of factual disputes." *Prudential Ins. Co. of Am. v. Lehman*, No. 99 C 4304, 2001 WL 138922, at *1 (N.D. Ill. Feb. 16, 2001). Nevertheless, because the facts in this case are not particularly complex, the Court has reviewed the parties' filings to determine the points of genuine material dispute and will proceed to the merits of Menard's summary judgment motion. *See id.* (proceeding to merits of summary judgment motion even though both sides failed to comply with Local Rule 56.1); *see also U.S. E.E.O.C. v. Cont'l Airlines, Inc.*, No. 04 C 3055, 2006 WL 14510, at *1 (N.D. Ill. Jan. 3, 2006) ("We have

2

broad discretion to mandate strict compliance with Rule 56.1, but, since both parties made errors, we will simply admonish them to [ ] conform their pleadings to the rule in the future, and we will do our best to work with what we have been given.") (internal quotation marks and brackets omitted)).

## Factual Background

The following facts are not in material dispute except where otherwise noted. Thompson is a citizen of Illinois. Def.'s LR 56.1(a)(3) Stmt. ¶ 2, ECF No. 14. Menard is a Wisconsin corporation with its primary place of business in Wisconsin. *See id.*[1] Menard owns and operates a retail hardware store at 2001 S. Perryville Road in Rockford, Illinois. *See id.* ¶¶ 3–4. Approximately 200 feet of sidewalk line the perimeter of the store. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 3, ECF No. 17. This sidewalk connects the store's main entryway to the far north side of the store's parking lot. *Id.* ¶ 11.

On June 1, 2014, Thompson visited the Menards store in Rockford to purchase lumber. *Id.* ¶ 4. After paying for her lumber and picking up her receipt, Thompson exited the store through the main entryway. *Id.* ¶¶ 6–7. She proceeded to walk along the sidewalk lining the edge of the store, heading toward her car in the parking lot. *Id.* ¶ 6. After walking approximately 100 feet, she tripped over an uneven portion of the sidewalk. *See id.* ¶ 7; Def.'s LR 56.1(a)(3) ¶¶ 6–7. As a result of her fall, she sustained "a complex wrist fracture and deep

---

[1]  The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000. The Court notes that, before this case was removed to federal court, Thompson asserted in her state court complaint that she was seeking damages in excess of $50,000. *See* Compl. at 5, ECF No. 1-1. Upon removal of the case, however, the parties clarified that Plaintiff would be seeking damages not only in excess of $50,000, but in excess of $75,000. *See* Notice of Removal ¶ 11, ECF No. 1. This is sufficient to establish the amount in controversy for purposes of diversity jurisdiction. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367–68 (7th Cir. 1993) (holding that plaintiff who asserted in state court complaint that he sought damages "in excess of $15,000" conceded that his claim exceeded the amount in controversy under § 1332(a) by failing to contest removal to federal court), *abrogated in part on other grounds*, *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539–40 (7th Cir. 2006).

facial lacerations." Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 7. Prior to this accident, no person had fallen on or been injured by the portion of the sidewalk where Thompson fell. Def.'s LR 56.1(a)(3) Stmt. ¶¶ 11–12.

Thompson returned to the store eleven days after the accident, on June 12, 2014, to photograph and inspect the portion of the sidewalk where she had tripped. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 18. She measured a one-inch gap between two adjacent sidewalk slabs in the location where she fell. *Id.* Over two years later, in July 2016, Menard took its own photographs and measurements of the same deviation between the two sidewalk slabs. Def.'s LR 56.1(a)(3) Stmt. ¶ 8. At this time, Menard, too, measured the gap to be approximately one inch. *Id.* According to Roy Hanna, one of the store's managers at the time of Thompson's fall, no repairs or changes to the sidewalk or surrounding area had been made in the interim. *See* Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 20, 50.

Hanna gave conflicting testimony as to the amount of pedestrian traffic that is typical for the sidewalk where Thompson fell. On the one hand, he testified that the sidewalk is not a "high traffic area." Def.'s LR 56.1(a)(3) Stmt. ¶ 10 (citing Hanna Dep. at 21, 44–45). On the other hand, he also testified that he saw customers using this sidewalk "frequently," either to go between the main entryway to their cars in the parking lot or to go from the main entryway to a "garden area" on the north side of the store. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 37–38 (citing Hanna Dep. at 20–21).

Finally, Hanna testified that Menard had policies and procedures for inspection of the premises. *Id.* ¶ 25. Hanna was not trained on these policies, but the store's assistant managers were. *Id.* ¶ 28. Hanna testified that he believed that inspections of the exterior of the premises were conducted once each month to identify dangerous conditions on the property. *Id.* ¶¶ 29–31.

**Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012). In reviewing a motion for summary judgment, the Court gives the nonmoving party "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). The Court must not make credibility determinations or weigh conflicting evidence. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

**Analysis**

Thompson has sued Menard for negligence, seeking to recover for the injuries she sustained as a result of falling on the sidewalk at Menard's store in Rockford, Illinois. Under Illinois law,[2] a plaintiff seeking to prevail on a negligence claim must prove (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) and an injury proximately caused by the breach of duty. *Bell v. Hutsell*, 955 N.E.2d 1099, 1104 (Ill. 2011).

---

[2]     Neither party has raised a conflict-of-laws issue, and both parties cite Illinois law in their summary judgment briefs. Accordingly, the Court applies Illinois substantive law in reviewing Menard's motion for summary judgment. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.,* 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies." (quoting *Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 427 (7th Cir. 1991))); *Mass. Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998) ("[T]he operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits." (quoting *Wood*, 942 F.2d at 426–27)).

In moving for summary judgment, Menard contends that Thompson has failed to raise a genuine issue of material fact with regard to the element of duty, offering two primary arguments in support. First, Menard argues that it owed no duty to repair the deviation between the sidewalk slabs under Illinois's *de minimis* rule, because the deviation was less than two inches and no aggravating factors were present to preclude application of the rule. Second, Menard argues that it lacked actual or constructive notice of the deviation. For the reasons that follow, the Court rejects both arguments and denies Menard's motion for summary judgment.

## I.     The *De Minimis* Rule and Aggravating Factors

"In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008); *accord Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001). Under the *de minimis* rule, a business has no duty to repair relatively minor or slight defects in the sidewalks on its property. *Hartung v. Maple Inv. & Dev. Corp.*, 612 N.E.2d 885, 888–89 (Ill. App. Ct. 1993); *see Schnur v. Kohl's Dep't Stores, Inc.*, No. 06 C 3040, 2010 WL 4930687, at *6 (N.D. Ill. Nov. 29, 2010). Although some case law holds that "there is no mathematical formula or bright-line test for determining what constitutes a slight defect," *Hartung*, 612 N.E.2d at 888, other case law holds as a matter of law that, "absent any aggravating factors, a vertical displacement of less than two inches [between two sidewalk slabs] is *de minimis*," *St. Martin v. First Hosp. Grp., Inc.*, 9 N.E.3d 1221, 1225 (Ill. App. Ct. 2014).

Menard argues that Thompson's negligence claims fail because the sidewalk gap that caused her accident was a *de minimis* deviation of less than two inches. When a plaintiff presents evidence of "aggravating factors," however, the *de minimis* rule does not automatically bar her from recovering in negligence for an accident involving a sidewalk defect. *Id.* at 1226.

6

Whether aggravating factors are present to give rise to a duty to repair a defect is generally a question of fact for the jury. *Id.* (citing *Repinski v. Jubilee Oil Co.*, 405 N.E.2d 1383, 1387–88 (Ill. App. Ct. 1980)). Such aggravating factors include heavy foot traffic or congestion, distractions in the area, whether the defect was on a flat or sloped surface, and whether the defect is part of a sidewalk that constitutes the main entrance and exit of a building. *See, e.g., id.* at 1226–27; *Bledsoe v. Dredge*, 681 N.E.2d 96, 98 (Ill. App. Ct. 1997).

In this regard, *Harris v. Old Kent Bank*, 735 N.E.2d 758 (Ill. App. Ct. 2000), provides an instructive example. In *Harris*, the plaintiff claimed that the defendant, a bank, had negligently failed to repair a defect along a sidewalk that provided access to the bank's only customer entrance. *Id.* at 764–65. Although the defect consisted of a "height differential between slabs of sidewalk" that was only about one inch, *id.* at 760, the court held that the plaintiff had created an issue of fact as to whether aggravating factors were present, such that a jury could find that the defect was not *de minimis*, *id.* at 765. In so holding, the court explained that a jury could find aggravating factors based upon evidence that the defect was on a sidewalk that led to the bank's main entrance, as well as evidence that the total area of sidewalk on the bank's property was relatively small. *Id.* at 764–65. The court also noted that, given the nature of the bank's business, its customers were likely to be distracted while walking along the sidewalk because they might be reviewing bank receipts or looking for their cars in the nearby parking lot. *Id.*

Here, as in *Harris*, there is sufficient evidence for a reasonable jury to find aggravating factors precluding application of the *de minimis* rule.[3] First, Thompson has offered evidence

---

[3] In its reply brief, Menard argues for the first time that Thompson is not entitled to present evidence of aggravating factors because she did not plead any aggravating factors in her complaint. Reply at 3, ECF No. 9. This argument is unpersuasive for two reasons. First, the Court need not consider the argument because "[i]t is well established that arguments raised for the first time in a reply brief are waived." *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013) (quoting *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011)). Moreover, even if the Court were to

7

showing that the sidewalk where she fell was the only reasonable pathway from the store's entryway to the parking lot, where her car was parked. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 6, 11. In addition, there is a material dispute as to whether the location of Thompson's fall was in sufficient proximity to the entryway to constitute an additional aggravating factor. More specifically, the parties agree that Thompson fell approximately 100 feet from the store's entrance, *see* Def.'s LR 56.1(a)(3) Stmt. ¶¶ 6–7; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 7, but, in their briefs, they disagree over whether this fact qualifies as an aggravating factor. Ultimately, whether this distance from the entrance constitutes an aggravating factor, given the layout and nature of the store and the surrounding circumstances, is a factual question that Thompson is entitled to present to the jury. *See St. Martin*, 9 N.E.3d at 1226.[4]

Furthermore, Thompson has presented evidence suggesting that there may have been significant pedestrian traffic on the sidewalk where she fell. Although Hanna testified that the sidewalk was not a high traffic area, he admitted that he saw customers using it frequently to go to the parking lot or the store's garden area. *See* Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 37–38. Moreover, a jury might be particularly inclined to find that the frequency of pedestrian traffic on

---

address this argument on the merits, it would reject it because Thompson did, in fact, plead aggravating factors in her complaint. *See* Compl. ¶¶ 5–6 (alleging that Menard had a duty to keep its premises in safe condition, and noting that the sidewalk in question was a "pedestrian walkway in the vicinity of [the store's] entrance" and that the area was "frequently used" by invitees). The fact that the complaint does not expressly use the phrase "aggravating factors" is immaterial. *See Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) ("Plaintiffs need only plead facts, not legal theories, in their complaints.").

[4]      Menards attempts to distinguish *Harris*, arguing that the *Harris* court held that the location of a sidewalk deviation is an aggravating factor only in those instances where the deviation is on "the *only* means of ingress or egress." Def.'s Reply Mem. at 6 (emphasis in original), ECF No. 21. According to Menards, this case is more akin to *Hartung*, 612 N.E.2d 885, where the court applied the *de minimis* rule to a deviation on the sidewalk in a shopping center. But this is too limited a reading of *Harris*. In fact, the court in *Harris* distinguished *Hartung*, noting that, unlike a shopping center sidewalk that ran in front of all of the businesses, the sidewalk in *Harris*, "both the short portion leading from plaintiff's parking space and the longer portion running parallel almost the length of defendant's building and adjacent to the other parking spaces for defendant's patrons, is used for ingress and egress to defendant's banking facility." *Harris*, 735 N.E.2d at 764. This is similar to the sidewalk at issue here.

the sidewalk was an aggravating factor, given that pedestrians on the sidewalk might have been distracted by looking for their cars or looking at their store receipts. Thompson herself, for example, was headed toward her car and had just picked up a receipt from inside the store at the time of her accident. *Id.* ¶¶ 6–7; *see Harris*, 735 N.E.2d at 764–65 (noting that such distractions can contribute to the presence of aggravating factors).

In sum, considering the evidence presented and drawing reasonable inferences in Thompson's favor, a reasonable jury could find the presence of aggravating factors sufficient to preclude application of the *de minimis* rule. As such, the *de minimis* rule does not entitle Menard to summary judgment.

## II. Constructive Notice

Next, Menard argues that it is entitled to summary judgment because there is no evidence that Menard had actual or constructive notice of the sidewalk deviation. In response, Thompson concedes that she has no evidence of actual notice, but she argues that her evidence is sufficient to prove constructive notice.

A business does not owe a duty to its customers if the business does not have actual or constructive notice of a defect within its premises. *See Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014) (citing *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 953 N.E.2d 427, 431 (Ill. App. Ct. 2011); *Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001)). To prove constructive notice, the plaintiff must show that the defect was there for "a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered." *Id.*; *accord Torrez v. TGI Friday's, Inc.*, 509 F.3d 808, 811 (7th Cir. 2007). "[T]he question of the length of time required to establish constructive

notice of a defective condition is generally a question of fact for the jury." *Hess v. City of Chi.*, 428 N.E.2d 581, 584 (Ill. App. Ct. 1981).

Here, Menard argues that Thompson has failed to present evidence that the sidewalk defect existed for a sufficiently long period to give it constructive notice of the defect, because she has no direct evidence of the defect's existence prior to her fall, such as photographs or other witness testimony about the state of the sidewalk during that time. Illinois law, however, indicates that such direct evidence is not required to prove constructive notice. In *Baker v. City of Granite City*, 394 N.E.2d 33, 34 (Ill. App. Ct. 1979), for example, the court held that a jury could infer that a municipality had constructive notice of a sidewalk defect in a commercial area, even though no witnesses were available to testify about how long the defect had existed prior to the plaintiff's accident. *Id.* at 35. The court explained that a jury could do so by looking at photographs of the sidewalk defect that were taken *after* the accident and conclude that "the sidewalk [had] been in a defective state for a long time." *Id.*

Here, a jury could likewise reasonably infer that the sidewalk defect was present for long enough to put Menard on constructive notice of its existence, even without witness testimony as to the length of time that the defect was present. As in *Baker*, the record includes photographs of the defect that were taken shortly after Thompson's accident, as well as photographs taken approximately two years after the accident. *See* Def.'s LR 56.1(a)(3) Stmt. ¶ 8; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 18. At the time these photographs were taken, the parties also took measurements of the sidewalk deviation. These measurements showed that, in both June 2014 and July 2016, the deviation was approximately one inch tall. Def.'s LR 56.1(a)(3) Stmt. ¶ 8; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 18. By reviewing these photographs, which suggest that the sidewalk deviation did not change significantly over time from June 2014 to July 2016, a jury

could reasonably infer that the deviation was a long-lasting one and not one likely to have sprouted shortly before the accident. *See Baker*, 394 N.E.2d at 35. In addition, the evidence shows that Menard had policies and procedures by which its employees inspected the exterior of the store approximately once per month to search for dangerous or defective conditions. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 29–31. Considering this testimony in light of the photographic evidence, a jury could conclude that these monthly inspections were enough to put Menard on constructive notice of the defect. Whether the evidence is such that Thompson will prevail at trial is unclear, but she has raised a genuine dispute of material fact as to the issue of constructive notice, and Menard's motion for summary judgment is accordingly denied.

## Conclusion

For the reasons stated herein, Menard's motion for summary judgment [12] is denied. A status hearing will be held on October 4, at 9:00 a.m., at which point the parties should be prepared to set deadlines for pretrial filings, a date for the pretrial conference, and a date for trial.


**IT IS SO ORDERED.**                                      **ENTERED      9/20/17**

_____
**John Z. Lee**
**United States District Judge**